IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CACEY COX,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>LIZ KURZ,<br><br>　　　　　　　Defendant. | 8:23CV517<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff Cacey Colleen Cox ("Plaintiff"), a non-prisoner, filed a pro se Complaint naming Liz Kurz ("Kurz") as the sole defendant and asserting 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1169, and 18 U.S.C. § 1201 as the basis for this Court's jurisdiction. Filing No. 1. Plaintiff was given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is.

　　　　The subject matter of this case relates to the actions of Kurz, a caseworker for the Department of Health and Human Services. Filing No. 1 at 4. Specifically, Plaintiff alleges that Kurz refused to address her concerns regarding bruising on her children while they were in foster care following their removal from Plaintiff's home, and that Kurz has called her employers and notified them Plaintiff is "on the registry" causing her to lose several jobs and severe emotional distress. *Id.* As relief Plaintiff seeks $1.5 million in damages and a "full investigation." *Id.*

　　　　This is not the first case Plaintiff has attempted to bring against Kurz in this Court. *See Cox v. Harling*, et. al., Case No. 22-cv-249 (the "Prior Case"). In the Prior Case,

Plaintiff attempted to sue Kurz in her individual and official capacity under 42 U.S.C. §1983 for Kurz's participation in state proceedings resulting in Plaintiff's children being removed from Plaintiff (and her husband's) care. *See* Prior Case, Filing No. 1. In dismissing the Prior Case against Kurz, Plaintiff was informed that this Court was barred from considering any official capacity claims against Kurz (which were considered claims against the state of Nebraska) under the sovereign immunity doctrine, barred from reviewing any individual capacity claims against Kurz as the state court judgment at issue was not reviewable by this Court, and alternatively as Kurz was immune from suit under both quasi-judicial and qualified immunity doctrines. Prior Case, Filing No. 14 at 10–11.

It appears Plaintiff now seeks to bring criminal charges against Kurz as she is unable to proceed against her under § 1983. However, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1169, and 18 U.S.C. § 1201 are federal criminal statutes which are only enforceable by the federal government, not private citizens. *See e.g. Cito v. Bridgewater Twp. Police Dep't.*, 892 F.2d 23, 26 n.3 (3d Cir. 1989); *Keyter v. Bush*, No. 04–5324, 2005 WL 375623, at *1 (D.C.Cir. Feb 16, 2005) (per curiam) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), cert. denied, 546 U.S. 875 (2005); *Pope v. Thornburgh*, 978 F.2d 744 (D.C.Cir.1992) (per curiam) (affirming dismissal of claims under 18 U.S.C. §§ 241, 242, 245 because no private right of action exists under those statutes); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C.2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action"); *McIntyre on Behalf of S.B.M. v. Brown*, No. 1:18 CV 1893, 2019 WL 524071, at *4 (N.D. Ohio Feb. 11, 2019)

(dismissing claims brought pursuant to 18 U.S.C. §§ 241, 3283, and 1169 as these are federal criminal statutes under which a private citizen has no authority to proceed under); *Meyer v. Ekola*, No. 15-CV-2564 (SRN/HB), 2017 WL 9274728, at *3 (D. Minn. May 26, 2017) (dismissing claims brought pursuant to 18 U.S.C. § 1201 as private citizens do not have a right to prosecute individuals under this federal criminal kidnapping statute), *report and recommendation adopted*, No. 15-CV-2564 (SRN/HB), 2017 WL 4040996 (D. Minn. Sept. 13, 2017), *aff'd sub nom. Meyer v. Haeg*, 762 F. App'x 353 (8th Cir. 2019). Moreover, just as a private person cannot bring criminal charges, neither can this Court. See *Welch v. Wright*, No. 4:23CV3128, 2023 WL 5487111, at *1 (D. Neb. Aug. 24, 2023) (citing *Juste v. Marie Brennan*, No. CV 4:16-3757-MGL-TER, 2016 WL 7669500, at *3 (D.S.C. Dec. 19, 2016), *report and recommendation adopted*, No. CV 4:16-03757-MGL, 2017 WL 86134 (D.S.C. Jan. 10, 2017) ("a plaintiff filing a civil case cannot bring a criminal case against another person." (citing *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990))).

As such, to the extent Plaintiff seeks to prosecute or have this Court prosecute Kurz, or otherwise obtain relief under the criminal statutes cited, such relief cannot be obtained. *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (both the decision to prosecute and what charges to file (or bring before a grand jury) are decisions that "generally rest in the prosecutor's discretion."). As there is no basis under which Plaintiff may proceed, any amendments to her Complaint would be futile. Therefore, this case shall be dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(e)(2), the Complaint, Filing No. 1, is dismissed with prejudice, as there is no private cause of action under 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 1169, or 18 U.S.C. § 1201.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 3rd day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court